# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                         **Case No. 06-CR-205**

**NATHAN SHERROD**
       **Defendant.**

## DECISION AND ORDER

The government indicted defendant Nathan Sherrod on charges of conspiracy to distribute heroin (count one) and three substantive counts of heroin distribution (counts three, four and six). Defendant moved (1) for disclosure of the identity of the confidential informant who provided information used to obtain a search warrant for defendant's residence, (2) to suppress the evidence obtained pursuant to that warrant, (3) to compel the disclosure of the informants involved in the substantive counts, (4) to dismiss count one and (5) for production of a witness list. The magistrate judge to whom the motions were referred denied the requests for informant disclosure related to the search warrant and for a witness list, and granted in part the motion for informant disclosure related to the substantive counts.[1] The magistrate judge recommended denial of the motions to suppress and dismiss.

Defendant objects to the denial of his motion for disclosure of the informant on the search warrant and to the recommended denial of his motion to suppress. He has not objected

---

[1] Specifically, he ordered that the government disclose these informants two weeks before trial.

to the magistrate judge's disposition of the other motions.[2] My review of the magistrate judge's recommendation on the motion to suppress is de novo. Fed. R. Crim. P. 59(b). However, I may reverse the magistrate judge's denial of the motion for informant disclosure only if it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

## I. MOTION TO SUPPRESS

### A. Facts

On August 15, 2006, City of Racine Police Officer Mark Sorenson applied for a warrant to search 1100 Villa Street in Racine. Sorenson averred that within the last seventy-two hours he had been contacted by a reliable confidential informant ("CI"), who indicated that s/he had observed the sale of heroin from 1100 Villa Street within the same seventy-two hour period. (R. 30-3 [Aff. in Supp. of Search Warrant] at 8 ¶ 2.) Sorenson stated that the CI knew the material was heroin from personal experience. (Id. ¶ 3.) The CI advised that the person selling heroin was a black male named Sherrod. Sorenson averred that, according to Racine Police Department records, on January 1, 2005 a Nathaniel S. Sherrod (black male, d.o.b. 5/6/64) was issued a citation for loud music at 1100 Villa Street and at that time gave 1100 Villa Street as his address. (Id. ¶ 4.) Sorenson stated that he personally observed 1100 Villa Street and provided a description of the building. (Id. ¶ 5.)

Sorenson averred that he believed the CI to be reliable because the CI had previously

---

[2]Because the magistrate judge's orders on the motions for disclosure pertaining to the substantive counts and for production of a witness list are self-executing, I need take no action on those motions. Because defendant does not object to the recommended denial of his motion to dismiss count one, and finding no clear error in the magistrate judge's analysis of that motion, see Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."), I will adopt the recommendation and deny that motion.

2

supplied information to the Racine Police Department that resulted in at least twelve felony and thirteen misdemeanor arrests in the past six months. He stated that these arrests were the result of a search warrant execution based on the CI's information or an immediate police response to current criminal activity. (Id. ¶ 6.)

Sorenson ran Sherrod's record and learned that Sherrod was arrested by Racine police on January 30, 1991 for shooting into a dwelling and recklessly endangering safety, based on a November 3, 1990 incident. Sherrod allegedly threatened the victim in that case, which was later dismissed based on lack of cooperation from the victim. (Id. ¶ 17.) Sorenson further stated that on December 8, 1994, Sherrod was convicted of possession with intent to deliver cocaine and sentenced to four years in prison. A loaded firearm was found in the same house as the cocaine in that case. (Id. ¶ 18.) Finally, on April 16, 1999, Sherrod was convicted of felon in possession of a firearm and sentenced to three years in prison. (Id. ¶ 19.)

Based on this information, a Racine County Circuit Court judge issued the warrant. (Id. at 6.) According to the return, officers located drug paraphernalia and packaging materials in the house. (Id. at 7.)

**B.    Applicable Law**

In ruling on a motion to suppress evidence recovered pursuant to a search warrant, the court employs a sequential two-step test. See United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002). The court first determines whether there is substantial evidence in the record supporting the judicial officer's decision to issue the warrant. United States v. Lloyd, 71 F.3d 1256, 1262 (7th Cir. 1995). When, as in the present case, the police officer's affidavit is the only evidence presented to the warrant-issuing official, "'the warrant must stand or fall solely on the contents of the affidavit.'" Koerth, 312 F.3d at 866 (quoting United States v. Roth, 391

3

F.2d 507, 509 (7th Cir. 1967)).

Probable cause to issue a warrant exists when the warrant application alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). The Supreme Court has explained that:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983).

The reviewing court considers the application in a realistic and common sense manner in order to determine whether it alleges specific facts and circumstances that would permit the issuing official to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated. Koerth, 312 F.3d at 866-67 (citing United States v. Spry, 190 F.3d 829, 835 (7th Cir. 1999)). Where the warrant application is supported by an informant's tip, the reviewing court considers the following factors:

> (1) whether the informant personally observed the events, (2) the degree of detail shown in the informant's statements, (3) whether the police independently corroborated the information, (4) the interval of time between the events and application for a warrant, and (5) whether the informant appeared in person before the judicial officer who issued the warrant.

United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005) (citing Koerth, 312 F.3d at 866; United States v. Jones, 208 F.3d 603, 609 (7th Cir. 2000)). No single factor is dispositive, and a deficiency in one may be compensated for by a strong showing in another or by some other indication of reliability. E.g., Peck, 317 F.3d at 756; United States v. Brack, 188 F.3d 748, 756 (7th Cir. 1999). Ultimately, the reviewing court must give the official's determination of probable

4

cause considerable weight and resolve doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000).

If the court finds the warrant deficient, it must then determine whether the executing police officer could "have reasonably believed that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause." Koerth, 312 F.3d at 866 (citing United States v. Leon, 468 U.S. 897, 920-24 (1984)). The government bears the burden of demonstrating by a preponderance of the evidence that the police relied in "good faith" on the magistrate's decision to issue the warrant. Koerth, 312 F.3d at 868. An officer's decision to seek a warrant is prima facie evidence that he acted in good faith. Peck, 317 F.3d at 757; Koerth, 312 F.3d at 868. To rebut this presumption, the defendant may show that (1) the magistrate issued the warrant in reliance on a deliberately or recklessly false warrant application; (2) the magistrate wholly abandoned her neutral, detached judicial role and simply rubber-stamped the warrant application; or (3) the warrant was based on an application so lacking in indicia of probable cause that no reasonable officer could have relied on it. See Leon, 468 U.S. at 923; Peck, 317 F.3d at 757; Koerth, 312 F.3d at 868.

**C. Discussion**

Probable cause supported the warrant in the present case. The CI made a recent, first-hand observation of the sale of heroin at 1100 Villa Street and identified a black male named Sherrod as the distributor. Officer Sorenson confirmed through Racine Police Department records that a black male named Nathaniel Sherrod lived at 1100 Villa Street, and he personally viewed the residence located at that address. Sorenson also ran Sherrod's record and learned that he had previously been convicted of drug and weapons offenses. Sorenson was able to vouch for the CI based on the CI's involvement in twenty-five arrests within the

5

previous six months. Finally, Sorenson applied for the warrant within three days of the CI's observation and report.

It is true, as defendant notes, that the CI's report was relatively undetailed. The basis for the CI's identification of the substance – stated as "personal experience" – was also unexplained. See Peck, 317 F.3d at 757. However, reading the affidavit as a whole and in a common sense manner, it seems plain that the CI was in a position to personally observe the distribution s/he described. Contrary to the suggestion in defendant's objections, the affidavit cannot be read to conclude that the CI simply heard about Sherrod's dealing rather than observing it first-hand.

Further, defendant has no answer for the CI's track record of providing reliable information leading to numerous arrests within the preceding six month period. See, e.g., United States v. Littrell, 439 F.3d 875, 881 (8th Cir.), cert. denied, 127 S. Ct. 331 (2006) (finding probable cause based on the informant's track record of providing reliable information); United States v. Elliott, 322 F.3d 710, 716 (9th Cir. 2003) (holding that the informant's "record of providing six reliable drug-related tips in the preceding three months was sufficient to overcome any doubts raised by his motives and prior criminal and personal behavior"); United States v. Reeves, 210 F.3d 1041, 1046 (9th Cir. 2000) (holding that an informant who had previously provided information "that led to three other search warrants, narcotics arrests and convictions" was sufficiently reliable); United States v. Scott, 19 F.3d 1238, 1242 (7th Cir. 1994) (noting that reliability may be shown by the informant's past record of reliability); United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1986) ("If the informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions."). Finally, defendant's prior drug conviction, while not sufficient in itself to make it probable that

6

he had drugs in his home, does add to the probable cause determination. See, e.g., United States v. Caldwell, 423 F.3d 754, 761 (7th Cir. 2005) (considering the defendant's prior drug arrests together with other facts).

For all of these reasons and those stated by the magistrate judge, I find that probable cause supported this warrant. Accordingly, the motion must be denied. In the alternative, I find that the good faith doctrine applies. As the government noted in its response to the motion, Sorenson's decision to seek a warrant is prima facie evidence that he acted in good faith. Peck, 317 F.3d at 757. Defendant makes no effort to rebut this presumption and does not even mention Leon or the good faith doctrine in his objections. For this reason as well, the motion must be denied.

## II. MOTION FOR DISCLOSURE

Defendant requests that the government be forced to disclose the identity of the informant who provided information to Sorenson. As noted above, the CI told Sorenson that s/he observed the sale of heroin from defendant's residence within the previous three days. However, defendant avers that in the seventy-two hours prior to his arrest on August 16, 2006, he remained at his residence nearly continuously and no one sold heroin out of the residence during that time. (R. 30-2 [Sherrod Aff.] at 1 ¶¶ 3-4.) Defendant argues that his affidavit puts at issue who is telling the truth about the sale of heroin at his residence, making the identity of the informant critical to his defense.

As defendant acknowledges, the government enjoys a limited privilege to withhold the identities of those who furnish information on violations of the law. Roviaro v. United States, 353 U.S. 53, 59 (1957). The privilege will give way only if the defendant shows that "the disclosure of an informer's identity, or of the contents of his communication, is relevant and

7

helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61. In determining whether to disclose a confidential informant's identity, the "court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" United States v. Jefferson, 252 F.3d 937, 940-41 (7th Cir. 2001) (quoting Roviaro, 353 U.S. at 62). When the informant is a mere tipster, as opposed to a participant in the criminal activity, the balance will rarely tip in the defendant's favor. See, e.g., United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (citing United States v. Andrus, 775 F.2d 825, 842 (7th Cir. 1985); United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982)).

In the present case, it is undisputed that the CI is a tipster rather than a transactional witness. The government states that it does not plan to call the CI as a witness at trial, and that it is not aware of any exculpatory information held by the CI. Thus, the balance under Roviaro does not favor defendant. However, defendant argues that the identity of the CI must be disclosed based on his claim, supported by his affidavit, that the CI's statement contained in the warrant application was false.

Although search warrants enjoy a presumption of validity, a defendant may in some circumstances challenge the veracity of the warrant affidavit through an evidentiary hearing. In order to obtain such a hearing, the defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and that the false statement is necessary to the finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). This showing focuses "on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000). Thus, the "defendant must offer evidence showing either that the warrant affiant lied or that the warrant

8

affiant recklessly disregarded the truth because he in fact entertained serious doubts as to the truth of his allegations or had obvious reasons to doubt the veracity of the allegations." Id. (internal quote marks omitted).

Defendant cannot make the necessary showing in the present case. While he claims that the CI lied about observing heroin distribution, he offers no evidence tending to show that Sorenson lied, knew the CI was lying or had serious doubts about the CI's claims. The fact that an informant lied, and the affiant included that lie in his warrant application, does not constitute a Franks violation unless the affiant knew or should have known the informant lied. United States v. McAllister, 18 F.3d 1412, 1417 (7th Cir. 1994).

Defendant argues that he cannot make the preliminary showing under Franks absent disclosure of the CI's identity. But he cites no authority for the proposition that the result under the Roviaro balancing test should be different because he is also making a Franks challenge, and the cases do not support his position. See McCray v. Illinois, 386 U.S. 300, 311 (1967) (noting that Roviaro dealt with disclosure for use at trial and that federal officers need not disclose an informer's identity in applying for an arrest or search warrant); Bender, 5 F.3d at 270 (refusing to disclose informant who provided information leading to acquisition of search warrant).

In United States v. Hornick, 815 F.2d 1156 (7th Cir. 1987), the court addressed a similar issue. In that case:

> The application for the warrant was supported by a lengthy affidavit from an officer of the Madison, Wisconsin, police. The star of this application was "MPD 840", who knew that Hornick and a companion were headed to Florida to pick up cocaine. According to the application, MPD 840 had supplied reliable information on more than 20 occasions in the past, had observed Hornick in possession of large quantities of cocaine, and had learned about the next trip. The officers verified part of this tip by watching Hornick and companion leave, as predicted,

9

> for Florida. . . .
>
> The tip from MPD 840 was sufficient to establish probable cause under Illinois v. Gates, 462 U.S. 213 (1983). As in Gates, the informant's report was corroborated in part by the officers. Hornick responds that "MPD 840" is fictitious. In the district court Hornick filed the affidavit of Scott DiFiore, a friend, denying that he was MPD 840; in this court Hornick's brief asserts: "Upon information and belief, the confidential informant was either Scott DiFiore or does not exist." That assertion is unsupported by a reference to the record. Counsel for Hornick points out that a defendant is in a pickle because he cannot obtain an affidavit from everyone in Wisconsin denying tipping off the police; he concludes that when the defendant denies the existence of an informant, he should be entitled to see the files indicating the informant's existence or to have a hearing under Franks v. Delaware, 438 U.S. 154 (1978).
>
> This is altogether too easy. The confidentiality of many informants must be maintained to protect their safety. The drug business contains some nasty, vindictive people. A bald denial of the existence of an informant does not call for a hearing; Franks held that the defendant bears a substantial burden to demonstrate probable falsity. 438 U.S. at 171-72. The affidavit of a friend, coupled with counsel's say-so, does not satisfy that burden.

Id. at 1158. The court acknowledged "the difficulty of defendants in Hornick's position." Id. However, given the presumption of search warrant validity and the importance of the informer's privilege, the defendant must make a more substantial showing than simply denying that events could have unfolded as the informant claimed. See id. at 1159. In the present case, defendant's denial that he or anyone else dealt heroin from his residence is insufficient. See United States v. Souffront, 338 F.3d 809, 822 (7th Cir. 2003) (noting that the defendant bears a substantial burden of demonstrating falsity, which cannot be met with conclusory statements).

Therefore, for these reasons and those stated in the magistrate judge's order, I find no clear error in the denial of defendant's motion for disclosure of the CI referred to in the search warrant application.

10

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation and order (R. 54) is **ADOPTED**, and defendant's motions to suppress and dismiss (R. 30) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge